IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA F. STRICKLAND, YOLANDA LEE, on behalf of plaintiffs and the class described herein,<br><br>  Plaintiff,<br><br>  vs.<br><br>TSYS TOTAL DEBT MANAGEMENT INC. d/b/a NATIONAL ATTORNEY NETWORK,<br><br>  Defendant. | FILED<br>JANUARY 2, 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>PH     08 C 34<br><br>JUDGE LINDBERG<br>MAGISTRATE JUDGE BROWN |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiffs Barbara F. Strickland and Yolanda Lee bring this action to secure redress from unlawful credit and collection practices engaged in by defendant TSYS Total Debt Management Inc. d/b/a National Attorney Network ("NAN"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

1

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiffs within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiffs are individuals who reside in the Northern District of Illinois.

5. Defendant NAN is a Georgia corporation with offices at 6356 Corley Road, Norcross, GA 30071.  It does business in Illinois.  Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

6. NAN describes its business activities on its web site (www.tsys.com) as follows:

> Created by TSYS Debt Management (TDM), the National Attorney Network (NAN®) enables clients to manage large volumes of legal accounts with fewer employees and at a minimal cost. Accounts are routed to top attorney firms in all 50 states and Puerto Rico for immediate suit. Through the innovative use of technology, performance is tracked, and accounts are forwarded and recalled systemically.
>
> Service is tailored to each creditor - for some that means NAN relationship analysts actively manage the attorney relationship, and for others, NAN provides the tools for creditors to better manage their attorneys. NAN has established a connection with all member firms that ensures daily reporting of information and enables the execution of specific routines built to create efficiencies for both clients and firms.
>
> **NAN Services**
>
> Scoring: Creditors reap the rewards of immediate dollars collected - without money spent on court costs - and the continued revenue stream as judgments are awarded and collected.
>
> Performance Standards: In order to join NAN, attorney firms agree to adhere to the NAN Performance Standard, which can be customized to

> each client's goals and objectives. Standards ensure the ability to automate tracking and legal performance.
>
> Electronic Funds Transfers: NAN pulls collection dollars from each attorney firm's bank account on a daily basis, and reconciles and pushes net recoveries to creditor bank accounts electronically. Clients are provided with a single, easily manageable remittance.
>
> Electronic Auditing: Attorneys update NAN electronically on a daily basis with their activities, allowing timely reporting on all financial and non-financial activity, such as days-until service, suit and judgment.
>
> NAN.net: NAN provides online access to account-level information. A host of reports are available online as well as specialized data mining services.
>
> Geominer®: With this geographical-based software, creditors can review the status of accounts placed with attorneys anywhere in the United States. Performance and activity data are available on national, state, county and individual account levels.
>
> DebtQuery[SM]: Creditors can define queries on portfolios to generate scenarios and strategies that can maximize recovery. DebtQuery can be used to generate lists for audit purposes, status research and viewing activity at the account level.
>
> On-line Affidavit Database: This feature allows clients to produce, track and deliver affidavits to attorneys, significantly reducing the time between filing suit and collecting money. The database also decreases the incidence of lost documentation, resulting in improved cash flow.
>
> SmartSIF[SM]: This innovative, Internet tool provides creditors with a systemic, rapid response to settlement offers that fall below the blanket authority.
>
> Monthly Reports: NAN provides a full complement of performance reports on a monthly basis, including batch tracks, firm report cards, collection reports and multiple NAN reports.

NAN also provides superior collection support services to banking, finance and retail firms, auto lenders, debt buyers, and telecommunication companies. Utilizing teams of experienced professionals, NAN works directly with the client to implement successful recovery strategies.

>   Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

7. TSYS Total Debt Management, Inc. also sends collection letters and places collection calls as a regular part of its business.

8. The mails and interstate wire communications are used to conduct the business of NAN.

9. NAN is a debt collector as defined in the FDCPA.

## FACTS

10. On or about June 27, 2007, a lawsuit was filed in the name of Capital One Bank against Barbara F. Strickland in the Circuit Court of Cook County, Illinois, case no. 07 M1 164278, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

11. The summons, complaint, and an attached affidavit of Maritza Roberts notarized by Maisha Davis (Exhibit A) were thereafter served on Barbara F. Strickland about July 16, 2007.

12. On or about Jan. 22, 2007, a lawsuit was filed in the name of Capital One Bank against Yolanda Lee in the Circuit Court of Cook County, Illinois, case no. 07 M1 104541, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

13. The summons, complaint, and an attached affidavit of Maisha Davis (Exhibit B) were thereafter served on Ms. Lee about May 31, 2007.

14. On or about June 25, 2007, a lawsuit was filed in the name of Capital One

Bank against Yolanda Lee in the Circuit Court of Cook County, Illinois, case no. 07 M1 162863, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

15. The summons, complaint, and an attached affidavit of Maritza Roberts (Exhibit C) were thereafter served on Ms. Lee about July 23, 2007.

16. The affidavit represented by Exhibits A-C is a form affidavit regularly filed in collection actions brought in the name of Capital One Bank in Illinois.

17. Maritza Roberts and Maisha Davis are in fact employees of NAN.

18. Maritza Roberts and Maisha Davis are not employees of Capital One Bank.

19. Maritza Roberts and Maisha Davis and other employees of NAN regularly executed affidavits similar to Exhibits A-C as "agents" of Capital One Bank.

20. Maritza Roberts and Maisha Davis and other employees of NAN are not qualified to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records.

21. Exhibits A-C do not disclose the fact that the signatory is an employee of NAN and not Capital One Bank.

22. By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, affidavits in the form of Exhibits A-C conceal the identity of the business preparing the document, NAN, and appear to come from Capital One Bank.

23. The fact that the affiant is not employed by Capital One Bank is material,

since knowledge of that fact leads one to question how they could possibly testify about Capital One's records and accounts.

24. The mails and interstate wire communications are used to send affidavits in the form represented by Exhibits A-C.

## VIOLATIONS COMPLAINED OF

25. The FDCPA, 15 U.S.C. §1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
>
> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

26. Exhibits A-C do not disclose the fact that the signatory is an employee of NAN.

27. By describing the affiant as an "agent" of the state court plaintiff, without identification of the company for which the affiant works, affidavits in the form of Exhibits A-C conceal the identity of the business preparing the document, NAN, and amount to the use by NAN of a business, company, or organization name ("Capital One") other than the true name of the debt collector's business, company, or organization.

## CLASS ALLEGATIONS

28. Plaintiffs bring this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of Exhibits A-C (e) where the affiant was employed by NAN.

30. The class is so numerous that joinder of all members is not practicable.

31. On information and belief, there are at least 40 individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of Exhibits A-C (e) where the affiant was employed by NAN.

32. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the form of affidavit represented by Exhibits A-C violates the FDCPA.

33. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to

>　　　　recognize the violation;
>
>　c.　　Members of the class are likely to be unaware of their rights;
>
>　d.　　Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

>　(1)　　Statutory damages;
>
>　(2)　　Attorney's fees, litigation expenses and costs of suit;
>
>　(3)　　Such other and further relief as the Court deems proper.

>　　　　s/Daniel A. Edelman
>　　　　Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
　　& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20767\Pleading\Complaint -- 2 plaintiffs_Pleading.wpd