IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA F. STRICKLAND, | ) | |
| YOLANDA LEE, | ) | |
| on behalf of plaintiffs and the class | ) | |
| described herein, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 34 |
| | ) | Judge Lindberg |
| vs. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| TSYS TOTAL DEBT MANAGEMENT | ) | |
| INC. d/b/a NATIONAL | ) | |
| ATTORNEY NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully request that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendant TSYS Total Debt Management, Inc., d/b/a National Attorney Network ("NAN"). Plaintiffs define the class as (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after January 2, 2007 (one year prior to the filing of this action), and on or before January 22, 2008 (20 days after the filing of this action), (d) an affidavit in the form of Exhibits A-C (e) where the affiant was employed by NAN.

Plaintiffs further request that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs state:

1

**NATURE OF THE CASE**

       1.      The FDCPA flatly prohibits debt collectors from operating under false names or concealing their company identification.  15 U.S.C. §1692e(14) prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . . "

       2.      Defendant NAN systematically violates this requirement when operating the "National Attorney Network."   NAN describes its business activities on its web site (www.tsys.com) as follows (Exhibit D):

> Created by TSYS Debt Management (TDM), the National Attorney Network (NAN®) enables clients to manage large volumes of legal accounts with fewer employees and at a minimal cost. Accounts are routed to top attorney firms in all 50 states and Puerto Rico for immediate suit. Through the innovative use of technology, performance is tracked, and accounts are forwarded and recalled systemically.
>
> Service is tailored to each creditor - for some that means NAN relationship analysts actively manage the attorney relationship, and for others, NAN provides the tools for creditors to better manage their attorneys. NAN has established a connection with all member firms that ensures daily reporting of information and enables the execution of specific routines built to create efficiencies for both clients and firms.
>
>   **NAN Services**
>
> > Scoring: Creditors reap the rewards of immediate dollars collected - without money spent on court costs - and the continued revenue stream as judgments are awarded and collected.
> >
> > Performance Standards: In order to join NAN, attorney firms agree to adhere to the NAN Performance Standard, which can be customized to each client's goals and objectives. Standards ensure the ability to automate tracking and legal performance.
> >
> > Electronic Funds Transfers: NAN pulls collection dollars from each attorney firm's bank account on a daily basis, and reconciles and pushes net recoveries to creditor bank accounts electronically. Clients are

provided with a single, easily manageable remittance.

Electronic Auditing: Attorneys update NAN electronically on a daily basis with their activities, allowing timely reporting on all financial and non-financial activity, such as days-until service, suit and judgment.

NAN.net: NAN provides online access to account-level information. A host of reports are available online as well as specialized data mining services.

Geominer®: With this geographical-based software, creditors can review the status of accounts placed with attorneys anywhere in the United States. Performance and activity data are available on national, state, county and individual account levels.

DebtQuery$^{SM}$: Creditors can define queries on portfolios to generate scenarios and strategies that can maximize recovery. DebtQuery can be used to generate lists for audit purposes, status research and viewing activity at the account level.

On-line Affidavit Database: This feature allows clients to produce, track and deliver affidavits to attorneys, significantly reducing the time between filing suit and collecting money. The database also decreases the incidence of lost documentation, resulting in improved cash flow.

SmartSIF$^{SM}$: This innovative, Internet tool provides creditors with a systemic, rapid response to settlement offers that fall below the blanket authority.

Monthly Reports: NAN provides a full complement of performance reports on a monthly basis, including batch tracks, firm report cards, collection reports and multiple NAN reports.

NAN also provides superior collection support services to banking, finance and retail firms, auto lenders, debt buyers, and telecommunication companies. Utilizing teams of experienced professionals, NAN works directly with the client to implement successful recovery strategies.

Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

3.     NAN prepares affidavits for filing in each collection lawsuit, most

of which end in default judgments.  <u>Exhibit A</u> is an affidavit filed in a collection lawsuit filed against plaintiff Strickland.  <u>Exhibits B-C</u> are affidavits filed with respect to plaintiff Lee.  The affidavit is a form affidavit regularly filed in collection actions brought in the name of Capital One in Illinois.  <u>Exhibit E</u> contains another similar affidavit filed in another Illinois collection action.  Similar affidavits are filed in Capital One cases in other jurisdictions, as evidenced by <u>Exhibit F</u>.

4. When it prepares the affidavits, NAN has one of its own employees act as the affiant.

5. The affidavits state that the affiant is the "agent" of the company bringing the lawsuit – Capital One – and do not disclose that the affiant is actually employed by NAN.

6. The affiants also purport to testify as to the facts relating to the debt.

7. By describing the affiant as an "agent" of the company bringing the lawsuit, without identification of the company for which the affiant works, the affidavits conceal the identity of the business preparing the document, NAN, and appear to come from Capital One.  This amounts to the use by NAN of a business, company, or organization name ("Capital One") other than the true name of the debt collector's business, company, or organization.

8. An employee of a third party debt collector such as NAN obviously cannot authenticate Capital One records or testify about transactions between the consumer and Capital One.  Indeed, it is apparent that the reason they do not disclose that the affiant is an employee of NAN is that disclosure would lead the reader to question how such testimony could be given.

**CLASS CERTIFICATION REQUIREMENTS**

9. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

10. It is reasonable to infer that the number of Illinois class members exceeds the 20-40 required for numerosity from the following facts:

   a. The affidavit is a form used in multiple cases in Illinois;

   b. The cases in which the affidavits are filed are sufficiently numerous that NAN sends them to at least two different collection law firms. <u>Exhibits A and F</u> were sent to the Blatt, Hasenmiller firm. <u>Exhibits B, C and E</u> were sent to the Freedman, Anselmo firm.

   c. The affidavits uniformly fail to identify the affiant as an employee of NAN.

   d. NAN states on its Web site that the purpose of the Network is to "manage large volumes of legal accounts ".

   e. The Freedman, Anselmo firm filed over 1,000 Capital One cases in Illinois in 2007. (<u>Exhibit G</u>) Blatt, Hasenmiller filed several times that number. (<u>Exhibits H-I</u>) (The class is not limited to Capital One, although the two lists are. Only the beginning and ends of the lists have been filed, to avoid unnecessary bulk.)

11. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the form affidavits violate the FDCPA.

12. Plaintiffs' claim is typical of the claims of the class members. All are

based on the same factual and legal theories.

13. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation. (Exhibit J)

14. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

    c. Members of the class are likely to be unaware of their rights;

    d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

15. In further support of this motion, plaintiffs are submitting a memorandum of law.

WHEREFORE, plaintiffs respectfully request that this Court enter an order determining that this action may proceed as a class action.

                                                                 Respectfully submitted,

                                                                  s/Daniel A. Edelman
                                                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor

Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on January 15, 2008, I caused to be filed with the Clerk of the Court via the CM/ECF system the foregoing document.  I further certify that I caused to be served true and accurate copies of the foregoing document via U.S. regular and certified mail upon the following party:

TSYS Total Debt Management, Inc. d/b/a National Attorney Network
c/o Illinois Corporation Service Co., Registered Agent
801 Adlai Stevenson Dr.
Springfield, IL 62703


                                               s/Daniel A. Edelman
                                               Daniel A. Edelman