UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA F. STRICKLAND, YOLANDA LEE, on behalf of plaintiffs and the class described herein, | ) ) ) ) |
| Plaintiffs, | ) Case No. 08 C 34 ) |
| v. | ) Judge Lindberg ) |
| TSYS TOTAL DEBT MANAGEMENT INC. d/b/a NATIONAL ATTORNEY NETWORK, | ) Magistrate Judge Brown ) ) ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant, TSYS TOTAL DEBT MANAGEMENT INC. d/b/a NATIONAL ATTORNEY NETWORK, by and through its attorneys PETER D. SULLIVAN and JENNIFER W. WELLER, and for its Answer to Plaintiff's Complaint states as follows:

### INTRODUCTION

1. Plaintiffs Barbara F. Strickland and Yolanda Lee bring this action to secure redress from unlawful credit and collection practices engaged in by defendant TSYS Total Debt Management Inc. d/b/a National Attorney Network ("NAN"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:** Defendant admits that Plaintiffs' complaint purports to allege a violation of the FDCPA and admits that Plaintiffs attempt to paraphrase certain sections of the act. In further answering the remaining allegations contained in paragraph 1, Defendants deny that they engaged in unlawful credit and collection practices, deny any violation of the FDCPA occurred and deny that Plaintiffs fully or accurately recite the

FDCPA.

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER:** **Defendant denies the allegations in paragraph 1. Plaintiffs agreeed to arbitrate the disputes asserted in the Complaint. In addition, the Court should decline to exercise subject matter jurisdiction over Plaintiffs' complaint based on the Rooker Feldman Doctrine.**

3.      Venue and personal jurisdiction in this District are proper because:

    a.      Defendant's collection communications were received by plaintiffs within this District;

    b.      Defendant does or transacts business within this District.

**ANSWER:** **Defendant denies that venue and personal jurisdiction in this district is proper because Plaintiffs agreed to arbitrate the disputes in the Complaint.**

## PARTIES

4.      Plaintiffs are individuals who reside in the Northern District of Illinois.

**ANSWER:** **Defendant admits only that its business records contain addresses within the Northern District of Illinois for Plaintiffs, however, Defendant is without knowledge or information sufficient to form a belief as to Plaintiffs' residence as of the date of this answer.**

5.      Defendant NAN is a Georgia corporation with offices at 6356 Corley Road, Norcross, GA 30071. It does business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

**ANSWER:** **Defendant admits that National Attorney Network is a division of TSYS Total Debt Management, Inc., that TSYS has an address of 6356 Corley Road, Norcross, Georgia 30071 and that the registered agent and office for TSYS in Illinois is the**

2

**Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.**

**Defendant denies all other allegations in paragraph 5.**

     6.    NAN describes its business activities on its web site (www.tsys.com) as follows:

Created by TSYS Debt Management (TDM), the National Attorney Network (NAN®) enables clients to manage large volumes of legal accounts with fewer employees and at a minimal cost. Accounts are routed to top attorney firms in all 50 states and Puerto Rico for immediate suit. Through the innovative use of technology, performance is tracked, and accounts are forwarded and recalled systemically.

Service is tailored to each creditor - for some that means NAN relationship analysts actively manage the attorney relationship, and for others, NAN provides the tools for creditors to better manage their attorneys. NAN has established a connection with all member firms that ensures daily reporting of information and enables the execution of specific routines built to create efficiencies for both clients and firms.

NAN Services

    Scoring: Creditors reap the rewards of immediate dollars collected - without money spent on court costs - and the continued revenue stream as judgments are awarded and collected.

    Performance Standards: In order to join NAN, attorney firms agree to adhere to the NAN Performance Standard, which can be customized to each client's goals and objectives. Standards ensure the ability to automate tracking and legal performance.

    Electronic Funds Transfers: NAN pulls collection dollars from each attorney firm's bank account on a daily basis, and reconciles and pushes net recoveries to creditor bank accounts electronically. Clients are provided with a single, easily manageable remittance.

    Electronic Auditing: Attorneys update NAN electronically on a daily basis with their activities, allowing timely reporting on all financial and non-financial activity, such as days-until service, suit and judgment.

    NAN.net: NAN provides online access to account-level information. A host of reports are available online as well as specialized data mining services.

    Geominer®: With this geographical-based software, creditors can review the status of accounts placed with attorneys anywhere in the United States. Performance and activity data are available on national, state, county and individual account levels.

    DebtQuery$^{SM}$: Creditors can define queries on portfolios to generate scenarios and strategies that can maximize recovery. DebtQuery can be used to generate lists for

> audit purposes, status research and viewing activity at the account level.
>
> On-line Affidavit Database: This feature allows clients to produce, track and deliver affidavits to attorneys, significantly reducing the time between filing suit and collecting money. The database also decreases the incidence of lost documentation, resulting in improved cash flow.
>
> SmartSIF$^{SM}$: This innovative, Internet tool provides creditors with a systemic, rapid response to settlement offers that fall below the blanket authority.
>
> Monthly Reports: NAN provides a full complement of performance reports on a monthly basis, including batch tracks, firm report cards, collection reports and multiple NAN reports.

NAN also provides superior collection support services to banking, finance and retail firms, auto lenders, debt buyers, and telecommunication companies. Utilizing teams of experienced professionals, NAN works directly with the client to implement successful recovery strategies.

Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

**ANSWER:** **Defendant admits that some of the quoted provisions are contained on the web site www.tsys.com; however, Defendant denies that the statement "Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers." is contained on the cited webpage.**

7. TSYS Total Debt Management, Inc. also sends collection letters and places collection calls as a regular part of its business.

**ANSWER:** **Defendant admits the allegations contained in paragraph 7.**

8. The mails and interstate wire communications are used to conduct the business of NAN.

**ANSWER:** **Defendant admits the allegations contained in paragraph 8.**

9. NAN is a debt collector as defined in the FDCPA.

**ANSWER:** **Defendant admits that for some purposes it is considered a debt collector and states that it is without knowledge or information sufficient to form a belief as**

4

to whether it was acting as a debt collector with respect to the named Plaintiffs because it does not know the purpose for which they incurred their credit card debts.

## FACTS

10. On or about June 27, 2007, a lawsuit was filed in the name of Capital One Bank against Barbara F. Strickland in the Circuit Court of Cook County, Illinois, case no. 07 M1 164278, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

**ANSWER:** Defendant admits that only on or about June 27, 2007, Capital One filed a lawsuit against Barbara F. Strickland for recovery of her defaulted credit card account and denies the remaining allegations because it is without knowledge or information sufficient to form a belief as to why Plaintiff incurred her credit card charges.

11. The summons, complaint, and an attached affidavit of Maritza Roberts notarized by Maisha Davis (Exhibit A) were thereafter served on Barbara F. Strickland about July 16, 2007.

**ANSWER:** Defendant admits the allegations contained in paragraph 11.

12. On or about Jan. 22, 2007, a lawsuit was filed in the name of Capital One Bank against Yolanda Lee in the Circuit Court of Cook County, Illinois, case no. 07 M1 104541, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

**ANSWER:** Defendant denies that a lawsuit was filed on January 22, 2007, however, Defendant admits that a lawsuit was filed on behalf of Capital One Bank v. Yolanda Lee as case no. 07 M1 104541 in the Circuit Court of Cook County. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 because it does not know the purpose for which Yolanda Lee incurred her charges.

13. The summons, complaint, and an attached affidavit of Maisha Davis (Exhibit B) were thereafter served on Ms. Lee about May 31, 2007.

**ANSWER:** Defendant admits the allegations contained in paragraph 13 and

further states that a Capital One credit card statement and credit card agreement with an arbitration clause were attached to the complaint.

14. On or about June 25, 2007, a lawsuit was filed in the name of Capital One Bank against Yolanda Lee in the Circuit Court of Cook County, Illinois, case no. 07 M1 162863, for the purpose of collecting a purported credit card debt incurred for personal, family or household purposes.

ANSWER: Defendant admits that a lawsuit was filed on behalf of Capital One and against Yolanda Lee in the Circuit Court of Cook County as case no. 07 M1 162863 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations because Defendant does not know the purpose for which Plaintiff incurred her charges.

15. The summons, complaint, and an attached affidavit of Maritza Roberts (Exhibit C) were thereafter served on Ms. Lee about July 23, 2007.

ANSWER: Defendant admits the allegations contained in paragraph 15 and further states that a copy of a credit card statement with an arbitration clause and account statement were attached to the complaint.

16. The affidavit represented by Exhibits A-C is a form affidavit regularly filed in collection actions brought in the name of Capital One Bank in Illinois.

ANSWER: Defendant admits that the affidavits represented by Exhibits A-C were filed in collection actions against the Plaintiffs and denies the remaining allegations contained in paragraph 16.

17. Maritza Roberts and Maisha Davis are in fact employees of NAN.

ANSWER: Defendant admits the allegations contained in paragraph 17, however, Defendant denies Plaintiffs characterizations.

18. Maritza Roberts and Maisha Davis are not employees of Capital One Bank.

ANSWER: Defendant admits the allegations contained in paragraph 18.

19.    Maritza Roberts and Maisha Davis and other employees of NAN regularly executed affidavits similar to Exhibits A-C as "agents" of Capital One Bank.

**ANSWER:    Defendant denies Plaintiffs' characterizations contained in paragraph 19, however, Defendant admits that Maritza Roberts and Maisha Davis, and other employees of NAN, were authorized to execute and did execute certain affidavits on behalf of Capital One Bank which affidavits speak for themselves.**

20.    Maritza Roberts and Maisha Davis and other employees of NAN are not qualified to testify about the computer records of Capital One Bank or the procedures used by Capital One Bank to generate computer records.

**ANSWER:    Defendant denies the allegations contained in paragraph 20.**

21.    Exhibits A-C do not disclose the fact that the signatory is an employee of NAN and not Capital One Bank.

**ANSWER:    Defendant admits that the affidavits in Exhibits A-C do not specifically and expressly disclose that the signer of the affidavit is or is not an employee of NAN or Capital One Bank. Further answering, defendant states that the affidavits disclose that the signer is authorized to sign the affidavit as an agent of Capital One Bank. Defendant denies any false statements in the affidavits and states that the assertion in the affidavits that the signer was authorized to sign the affidavit on behalf of Capital One Bank was true and correct. Further answering, defendant states that the affidavits speak for themselves.**

22.    By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, affidavits in the form of Exhibits A-C conceal the identity of the business preparing the document, NAN, and appear to come from Capital One Bank.

**ANSWER:    Defendant denies the allegations contained in paragraph 22.**

23.    The fact that the affiant is not employed by Capital One Bank is material, since knowledge of that fact leads one to question how they could possibly testify about Capital One's records and accounts.

**ANSWER:    Defendant denies the allegations contained in paragraph 23.**

6283562v1 884700

24. The mails and interstate wire communications are used to send affidavits in the form represented by Exhibits A-C.

**ANSWER:** **Defendant denies the allegations contained in paragraph 24 to the extent that it mischaracterizes how affidavits and complaints are served.**

## VIOLATIONS COMPLAINED OF

25. The FDCPA, 15 U.S.C. §1692e, states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

**ANSWER:** **Defendant admits the allegations contained in paragraph 25 but states that the FDCPA should be read in its entirety.**

26. Exhibits A-C do not disclose the fact that the signatory is an employee of NAN.

**ANSWER:** **Defendant admits the allegations contained in paragraph 26. Further answering, Defendant states that the affidavits in Exhibits A-C do not specifically and expressly disclose that the signer of the affidavit is or is not an emplyee of NAN or Capital One Bank. Further answering, defendant states that the affidavits disclose that the signer is authorized to sign the affidavit as an agent of Capital One Bank. Defendant denies any false statements in the affidavits and states that the assertion in the affidavits that the signer was authorized to sign the affidavit on behalf of Capital One Bank was true and correct. Further answering, defendant states that the affidavits speak for themselves.**

27. By describing the affiant as an "agent" of the state court plaintiff, without

identification of the company for which the affiant works, affidavits in the form of <u>Exhibits A-C</u> conceal the identity of the business preparing the document, NAN, and amount to the use by NAN of a business, company, or organization name ("Capital One") other than the true name of the debt collector's business, company, or organization.

**ANSWER:** **Defendant denies the allegations contained in paragraph 27.**

## CLASS ALLEGATIONS

28. Plaintiffs bring this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:** **Defendant admits that Plaintiffs purport to bring this action on behalf of a class, however, Defendant denies that a class exists or that one should be certified.**

29. The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of <u>Exhibits A-C</u> (e) where the affiant was employed by NAN.

**ANSWER:** **Defendant admits that Plaintiffs purport to bring this action on behalf of a class, however, Defendant denies that a class exists or that one should be certified.**

30. The class is so numerous that joinder of all members is not practicable.

**ANSWER:** **Defendant denies the allegations in paragraph 30 and denies that a class exists or should be certified.**

31. On information and belief, there are at least 40 individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of <u>Exhibits A-C</u> (e) where the affiant was employed by NAN.

**ANSWER:** **Defendant admits the allegations in paragraph 31 but denies that a class exists or should be certified.**

32. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the form of affidavit represented by <u>Exhibits A-C</u> violates the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in paragraph 32.**

33. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** **Defendant denies the allegations contained in paragraph 33.**

34. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:** **Defendant denies the allegations contained in paragraph 34.**

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

 a. Individual actions are not economically feasible.

 b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

 c. Members of the class are likely to be unaware of their rights;

 d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in paragraph 35.**

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1. This court lacks subject matter jurisdiction because Plaintiffs agreed to arbitrate the disputes in this case. This court should compel plaintiffs to arbitrate the disputes in this case and dismiss or stay this case pending such arbitration.

2. This court should decline subject matter jurisdiction under the Rooker-Feldman doctrine based on the judgments entered against plaintiffs in the state court collection cases.

3. Plaintiffs' claims are barred by the common law litigation privilege.

4. Plaintiffs' claims are barred by the witness immunity doctrine.

5. Plaintiffs' waived their right to assert class claims by agreeing to arbitrate all

claims and agreeing not to assert any class claims in the arbitration.

          Respectfully submitted,

          HINSHAW & CULBERTSON LLP

Peter D. Sullivan  
Jennifer W. Weller  
HINSHAW & CULBERTSON LLP  
222 North LaSalle Street, Suite 300  
Chicago, Illinois 60601  
312/704-3000  
312/704-3001 – facsimile  
psullivan@hinshawlaw.com  
jweller@hinshawlaw.com  
Firm's #90384  

          */s/ Jennifer W. Weller*  
          Jennifer W. Weller

6283562v1 884700

## CERTIFICATE OF SERVICE

I hereby certify that on **March 4, 2008**, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served on all parties of record.

                                              HINSHAW & CULBERTSON LLP

Peter D. Sullivan  
Jennifer W. Weller  
HINSHAW & CULBERTSON LLP  
222 North LaSalle Street, Suite 300  
Chicago, Illinois 60601  
312/704-3000  
312/704-3001 – facsimile  
Firm's #90384

                                              *s/ Jennifer W. Weller*  
                                              Jennifer W. Weller

6283562v1 884700